UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:_____

Ryan Funk,

   Plaintiff,

 v.

Valentine & Kebartas, Inc., and
Chase Bank USA N.A.,

   Defendants.

**COMPLAINT**

**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and for invasion of privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and supplemental jurisdiction exists for the TCPA and state law claims pursuant to 28 U.S.C. § 1367.

## **PARTIES**

3. Plaintiff Ryan Funk (hereinafter "Plaintiff") is a natural person who resides in the city of Minneapolis, County of Hennepin, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Valentine & Kebartas, Inc. (hereinafter "V&K") is a foreign corporation incorporated under the laws of the Commonwealth of Massachusetts with a principal place of business located at 15 Union Street, Lawrence, Massachusetts 01840. V&K is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant Chase Bank USA, N.A. ("Chase") is a foreign corporation incorporated under the laws of the State of Delaware with a principal place of business at 200 White Clay Center Drive, Newark, DE 19711. Chase is "any person" as that term is used in 47 U.S.C. § 227(b)(1).

## **FACTUAL ALLEGATIONS RELATED TO CLAIMS AGAINST CHASE**

6. Upon information and belief, a person other than Plaintiff named Ryan Funk incurred a "consumer debt" (the "debt") as that term is defined by 15 U.S.C. § 1692a(5).

7. Upon information and belief, the debt is related to a Best Buy credit card issued by Chase.

8. On or about August 3, 2010 Chase called Plaintiff on his cellular telephone from number 888-293-5321 using an automated telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

9. During a call back to Chase, Plaintiff spoke with a female agent named Ranusha who demanded that Plaintiff pay the debt. Ranusha eventually confirmed that Plaintiff's social security number was different than the social security number of the Ryan Funk who allegedly defaulted on the debt.

10. Ranusha promised that Plaintiff's telephone number would be taken out of Chase's system and that he would not be bothered again.

11. Ranusha's promise was short lived. On or about August 6, 2010 Chase again called Plaintiff's cellular telephone using an automated telephone dialing system and left a pre-recorded message asking him to call back at 866-865-2297, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

12. This time when Plaintiff called back he spoke with Chase's female agent named Sarah who again insisted that Plaintiff pay the debt and disputed that Plaintiff had ever spoke with Chase.

13. Plaintiff again provided distinguishing personal information. Eventually Sarah acknowledged that Plaintiff is not the Ryan Funk who allegedly defaulted on the debt.

14. Just to make sure the problem was going to be taken care of once and for all, Plaintiff asked to be transferred to a supervisor.

15. Sarah transferred Plaintiff to a Chase supervisor named Jennifer who assured Plaintiff that his contact information had been removed from Chase's system and that he would not be harassed anymore.

16. Chase called Plaintiff on his cellular phone again, however, using an automated telephone dialing system on August 31, 2011, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. Because Plaintiff put Chase on notice on August 3, 2011 that it had no right to call him, each subsequent call using an automated telephone dialing system was a willful and knowing violation of the TCPA.

18. As a result of its above violations of the TCPA, Chase is liable to Plaintiff for statutory damages in the amount $1500 per willful violation and $500 for each additional violation pursuant to 47 U.S.C. § 227(b)(3).

## FACTUAL ALLEGATIONS RELATED TO CLAIMS AGAINST V&K

19. Upon information and belief, Chase forwarded, sold or assigned the account to V&K for collection.

20. V&K at all times believed that Plaintiff was allegedly obligated to pay the debt and therefore was a "consumer" as defined by 15 U.S.C. §1692a(3).

21. Plaintiff's cellular telephone has a prefix of 612 which clearly notifies callers that Plaintiff is or may be located in Minnesota which is in the Central Daylight Time ("CDT") zone.

22. On September 10, 2011 V&K called Plaintiff on his cellular telephone using an automated telephone dialing system at 7:31 a.m., in violation of 15 U.S.C. §§ 1692c(a)(1) and 1692d and 47 U.S.C. § 227(b)(1)(A)(iii).

23. V&K called Plaintiff from telephone number 1-877-250-7416, as it appeared on Plaintiff's caller ID.

24. V&K's call woke Plaintiff from sleep on his day off.

25. Because Chase was on notice that Plaintiff was not the person who allegedly incurred the debt, and because V&K received the collection file from Chase, V&K's violation of the TCPA was willful and knowing.

26. Plaintiff called V&K back and spoke with its agent "Luke" who insisted that Plaintiff owed the debt.

27. V&K's agent Luke falsely represented to Plaintiff that his cellular telephone number, 612–***–7856, was the contact number provided to it by the alleged debtor, in violation of 15 U.S.C. §1692e.

28. Upon information and belief, V&K was given Plaintiff's cellular telephone number by Chase.

29. In suffering the forgoing violations of the FDCPA, Plaintiff has suffered emotional distress, anxiety, hopelessness, and frustration, constituting actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

30. As a result of its above violations of the FDCPA, V&K is liable to Plaintiff for his actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

31. As a result of its above violations of the TCPA, V&K is liable to Plaintiff for statutory damages in the amount $1500 per willful violation and $500 for each additional violation pursuant to 47 U.S.C. § 227(b)(3).

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ. – AGAINST DEFENDANT V&K

33. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

34. The foregoing acts and omissions of V&K constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

35. As a result of V&K's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY – AGAINST ALL DEFENDANTS

36. Plaintiff incorporates by reference all foregoing paragraphs as though fully stated herein.

37. Defendants Chase and V&K intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff when it continued to communicate with him concerning a debt that he did not owe after Plaintiff provided notice on several occasions that he was not the person who allegedly defaulted on the debt.

38. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

39. The intrusions by Defendants Chase and V&K occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiff's position.

40. As a result of Defendants' conduct, Plaintiff suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - – AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference all foregoing paragraphs as if fully state herein.

42. The forgoing acts of Defendants V&K and Chase constitute violations of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

43. Because Defendants V&K and Chase had notice that Plaintiff did not consent to receiving telephone calls utilizing automated telephone dialing equipment on his cell phone, Defendants V&K and Chase committed willful an knowing violations of the TCPA.

44. As a result of Defendants V&K's and Chase's violations, Plaintiff is entitled to statutory damages of $1500 for each willful or knowing violation and $500 for each additional violation pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against Defendant V&K for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered against Defendant V&K for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) & (B);
- That judgment be entered against Defendant V&K for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).
- That judgment be entered against Defendant Chase for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).
- That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- An award for actual and compensatory damages for invasion of privacy against Defendant V&K in an amount to be determined at trial;
- An award for actual and compensatory damages for invasion of privacy against Defendant Chase in an amount to be determined at trial; and
- That the Court grant such other and further relief as may be just and proper.

Dated this 22nd day of November, 2011.    By: /s Thomas J. Lyons
Thomas J. Lyons
Attorney I.D. #: 65699
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tlyons@lyonslawfirm.com
ATTORNEY FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF <u>HENNEPIN</u>     )

     I, Ryan Funk, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                              <u>s/Ryan Funk</u>
                              Ryan Funk

Subscribed and sworn to before me
this <u>7th</u> day of November, 2011.

<u>s/Lawton J. Burgstahler</u>
Notary Public